**STATE of Minnesota, Respondent,**

**v.**

**Randall Eugene FERGUSON, Appellant.**

**No. CX–96–635.**

Supreme Court of Minnesota.

April 3, 1997.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that (1) the petition of Randall Eugene Ferguson for further review of the unpublished decision of the Court of Appeals filed January 14, 1997 be, and the same is, granted and (2) the unpublished decision of the court of appeals affirming defendant's convictions, including his conviction of kidnapping be, and the same is, affirmed. The trial court should have instructed the jury on kidnapping according to CRIMJIG 15.02, including the statement that "A victim of kidnapping is released only if released with the consent of the kidnapper. A victim who escapes is not released." The general rule is that the trial court should submit all of the elements of an offense, even elements as to which there is no evidence other than the state's evidence. This is because of the rule that no matter how strong the state's evidence, the defendant is entitled to "go to the jury" in a criminal case on all of the elements, there being no such thing as a directed verdict of guilt either with respect to the crime or with respect to the elements of the crime. *See, for example, United States v. Martin Linen Supply Co.,* 430 U.S. 564, 572, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977), and *Rose v. Clark,* 478 U.S. 570, 580, including n. 8, 106 S.Ct. 3101, 3107, including n. 8, 92 L.Ed.2d 460 (1986). Where the right to go to a jury is "altogether denied, the State cannot contend that the deprivation was harmless * * *; the error in such a case is that the wrong entity judged the defendant guilty." *Rose v. Clark,* 478 U.S. at 578, 106 S.Ct. at 3106. Here the right to go to the jury was not "altogether" denied but only partially denied, and therefore harmless error impact analysis is appropriate. In this case it was the *prosecutor* who asked the court to instruct the jury pursuant to the CRIMJIG instruction, specifically the part relating to release in a safe place. The trial court said there was no need to so instruct the jury in view of the evidence that the victim escaped and therefore was not released in a safe place. There is no need for us to engage in harmless error impact analysis with respect to this issue in this case because the defendant, who was representing himself, not only did not object but expressly agreed with the trial court's ruling. It can hardly be deemed plain error, obviating the need for an objection, for the trial court to not submit release in a safe place when the evidence presented by the state conclusively established that the victim escaped and the defendant himself in comments to the trial court in chambers agreed that the victim escaped. There being no plain error, there was no need to even engage in harmless error impact analysis. *State v. Shoop,* 441 N.W.2d 475, 480 (Minn.1989).

Affirmed.

BY THE COURT:

/s/ Alexander M. Keith
A.M. Keith
Chief Justice